UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| THOMAS LAWRENCE<br>110 West Park Court Street<br>Angoloa, Indiana 46703<br><br>and<br><br>LAWRENCE FLAIM<br>230 South Main Street<br>Old Forge, PA 18518<br><br>on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>LETICA CORPORATION<br>c/o Statutory Agent Corporation Service Company<br>135 North Pennsylvania Street, Ste. 1610<br>Indianapolis, Indiana 46204<br><br>and<br><br>BERRY GLOBAL, INC.<br>c/o Statutory Agent Corporation Service Company<br>135 North Pennsylvania Street, Ste. 1610<br>Indianapolis, Indiana 46204<br><br>    Defendants. | CASE NO. 3:24-CV-27<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now come Plaintiffs, Thomas Lawrence and Lawrence Flaim, by and through undersigned counsel, and for their Complaint against Letica Corporation and Berry Global, Inc. ("Defendants") state and allege the following:

## INTRODUCTION

1. Plaintiffs institute this "collective action" as a result of Defendants' practices and policies of not paying its non-exempt employees, including Plaintiffs and other similarly situated employees, for all hours worked, including overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business throughout this District and Division, maintain their principal place of business there, and because some of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4. At all times relevant herein, Plaintiff Lawrence was a resident of Steuben County, Indiana.

5. At all times relevant herein, Plaintiff Flaim was a resident of Lackawanna County, Pennsylvania.

6. At all times relevant herein, Plaintiffs were employees within the meaning of 29 U.S.C. § 203(e).

7. At all times relevant herein, Defendant Letica Corporation was a foreign for-profit corporation organized and existing under the laws of the State of Michigan and licensed to conduct business in Indiana.

8. Defendant Letica Corporation has its principal office at 101 Oakley Street, Evansville, Indiana 47710.

9. At all times relevant herein, Defendant Berry Global, Inc. was a foreign for-profit corporation organized and existing under the laws of the State of Delaware and licensed to conduct business in Indiana.

10. Defendant Berry Global, Inc. has its principal office at 101 Oakley Street, Evansville, Indiana 47710.

11. Defendant Letica Corporation was acquired by RPC Group Plc in 2017

12. Defendant Berry Global acquired RPC Group Plc and Defendant Letica Corporation in or around March 2019.

13. At all times relevant herein, Defendant Letica Corporation and Berry Global Inc., have operated as a single "enterprise" within the meaning of 29 U.S.C. § 203(r)(1). Defendants performed related activities through unified operation and common control for a common business purpose, and part of their unified business model is the wage violations alleged in this Complaint.

14. At all times relevant herein, Defendants were employers within the meaning of 29 U.S.C. § 203(d).

15. At times relevant herein, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

16. At all times relevant herein, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

17. At all times relevant herein, Plaintiffs were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

18. At all times post March 2019, Defendants were joint employers, operating with a

high degree of interrelated and unified operations and also share common ownership and leadership.

19. Upon information and belief, Defendants share equipment, ownership, management, and collectively assert control over their employees.

20. Defendants perform related activities through unified operations and control for a common business purpose, and they share common labor practices and policies, including the practices and policies complained of herein.

21. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

22. Defendants manufactures packaging materials for its customers.

23. Defendants have facilities in Indiana, Michigan, Ohio, Pennsylvania, Texas, California, Kansas, Maryland, and several other states.

24. Defendant Letica Corporation employed Plaintiff Lawrence between August 2022 and November 2022 as a machine operator employee at its Fremont, Indiana manufacturing facility.

25. Defendant Berry Global, Inc. employed Plaintiff Flaim since April 2023 as a forklift operator at its Pittston, Pennsylvania manufacturing facility.

26. At various plant locations throughout the United States, Defendants jointly employ others similarly situated as manufacturing employees.

27. Defendants classified Plaintiffs and other similarly situated employees as non-exempt employees.

28. Defendants paid Plaintiffs and other similarly situated employees on an hourly basis.

29. Plaintiffs and other similarly situated employees frequently worked over 40 hours per week.

30. Plaintiff Lawrence worked on average between 40 and 45 hours per week.

31. Plaintiff Flaim worked on average between 40 and 45 hours per week.

**(Failure to Pay for All Hours Worked)**

32. Plaintiffs and other similarly situated manufacturing employees were only paid for work performed between their scheduled start and stop times and were not paid for the following work performed before and after their scheduled start and stop times: a) changing into and out of their personal protective equipment, including a helmet, earplugs, safety glasses, face visor, welding jacket, thermal gloves, foot guards and steel toe boots; b) getting tools and equipment necessary to perform their job; and/or c) walking to and from their assigned area of the manufacturing floor.

33. Defendants required Plaintiffs and other similarly situated employees to be at their work area performing their manufacturing work at the start of their scheduled start and stop times.

34. The time Plaintiffs and other similarly situated employees spent a) changing into and out of their personal protective equipment, including a helmet, earplugs, safety glasses, face visor, welding jacket, thermal gloves, foot guards and/or steel toe boots; b) getting tools and equipment necessary to perform their job; and/or c) walking to and from their assigned area of the manufacturing floor was an integral and indispensable party of their principal activities, was required by Defendant, and was performed for Defendants' benefit.

35. Changing into and out of their personal protective equipment, including a helmet, earplugs, safety glasses, face visor, welding jacket, thermal gloves, foot guards and/or steel toe boots; b) getting tools and equipment necessary to perform their job; and/or c) walking to and from their assigned area of the manufacturing floor are intrinsic elements of their principal activities and ones with which Plaintiffs and other similarly situated employees cannot dispense with if they are to perform their principal activities.

36. The time Plaintiffs and other similarly situated employees spent donning their personal protective equipment was not only an integral and indispensable part of their principal activities, but it was also required by Defendants the Occupational Safety and Health Administration, and was performed for Defendants' benefit in that it helped keep the production floor safe and helped promote a more safe, hygienic, and efficient production process.

37. Plaintiffs and other similarly situated employees were not paid for time spent a) changing into and out of their personal protective equipment, including a helmet, earplugs, safety glasses, face visor, welding jacket, thermal gloves, foot guards and/or steel toe boots; b) getting tools and equipment necessary to perform their job; and/or c) walking to and from their assigned area of the manufacturing floor.

38. The amount of time Plaintiffs and other similarly situated employees spent on this required and unpaid work amounted to approximately 10 to 20 minutes per day.

39. As a result of Defendants' practices and policies, Plaintiffs and other similarly situated employees were not compensated for all of the time they worked, including all of the overtime hours they worked over 40 each workweek.

### (Failure to Keep Accurate Records)

40. Defendants failed to make, keep and preserve accurate records of the unpaid overtime worked by Plaintiff and other similarly situated manufacturing employees.

### (Defendants Willfully Violated the FLSA)

41. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

42. Each Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. § 216(b) and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

43. The class which Plaintiffs seeks to represent and for whom Plaintiffs seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiffs are themselves members, is composed of and defined as follows:

> All former and current non-exempt manufacturing employees employed by Defendant Berry Global, Inc. and/or Letica Corporation in the United States between February 5, 2021 and the present.

44. Plaintiffs are unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least several hundred persons.

45. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiffs, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiffs are representative of those other employees and are acting on behalf of their interests as well as their own in bringing this action.

46.   These similarly situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and be allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
### (Fair Labor Standards Act Violations)

47.   Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

48.   Defendants' practice and policy of not paying Plaintiffs and other similarly situated production employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. § 207, 29 C.F.R. § 778.111.

49.   By engaging in the above-described practices and policies, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

50.   As a result of Defendants' practices and policies, Plaintiffs and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, and all those similarly situated, collectively pray that this Honorable Court hold Defendants jointly and severally liable, and:

A.   Issue an order permitting this litigation to proceed as a collective action;

B.   Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C.  Award Plaintiffs and the class they represent actual damages for unpaid wages;

D.  Award Plaintiffs and the class they represent liquidated damages equal in amount to the unpaid wages found due to Plaintiffs and the class;

E.  Award Plaintiffs and the class they represent pre- and post-judgment interest at the statutory rate;

F.  Award Plaintiffs and the class they represent attorneys' fees, costs, and disbursements; and

G.  Award Plaintiffs and the class they represent further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Christopher S. Wolcott
Christopher S Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Suite 500
Indianapolis, IN 46240
Phone: 317-500-0700
Facsimile: 317-342-2799

and

Matt S. Grimsley (0092942)
*(will apply for admission pro hac vice)*
Lori M. Griffin (0085241)
*(will file for admission pro hac vice)*
Anthony J. Lazzaro
*(will apply for admission pro hac vice)*
The Lazzaro Law Firm, LLC
The Heritage Bldg., Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
matt@lazzarolawfirm.com
lori@lazzarolawfirm.com

        anthony@lazzarawfirm.com

        Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.

        /s/ Chris Wolcott
        One of the Attorneys for Plaintiff